NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000127
24-JAN-2014
09:39 AM**

NO. CAAP-13-0000127

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

OAHU PUBLICATIONS, INC., doing business as
Honolulu Star-Advertiser, Plaintiff-Appellee, v.
NEIL ABERCROMBIE, in his official capacity as Governor of the
State of Hawaiʻi, Defendant-Appellant, and DOE GOVERNMENTAL
AGENCIES 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 11-1-1871-08 KKS)

ORDER GRANTING IN PART PLAINTIFF-APPELLEE'S MOTION FOR
RECONSIDERATION OR CLARIFICATION OF ORDER DENYING FEES AND COSTS
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Upon consideration of the "Motion for Reconsideration or Clarification of Order Denying Fees and Costs (Jan. 6, 2014) (Dkt 75)" by Plaintiff-Appellee Oahu Publications, Inc., doing business as Honolulu Star-Advertiser (Plaintiff-Appellee), filed on January 15, 2014, the attachments thereto, and the files herein, the motion is granted in part and denied in part.

By an order dated January 6, 2014 (Order), this court denied Plaintiff-Appellee's requested attorney's fees and costs related to CAAP-12-0000625 with prejudice and denied requested attorney's fees and costs related to CAAP-13-0000127 without prejudice. This court allowed Plaintiff-Appellee to file an amended request for attorney's fees and costs within ten days from the date of that Order.

1. Plaintiff-Appellee moves this court to reconsider its denial with prejudice of attorney's fees and costs related to CAAP-12-0000625 or, in the alternative, to provide an explanation for the denial of attorney's fees and costs.

We grant Plaintiff-Appellee's request for an explanation for that part of the Order. Hawai'i Rules of Appellate Procedure (HRAP) Rule 39(a) provides, in pertinent part, "if an appeal or petition is dismissed, costs shall be taxed against the appellant or petitioner upon proper application unless otherwise agreed by the parties or ordered by the appellate court." (Emphasis supplied) HRAP Rule 39(d)(2) states,

> A request for fees and costs or necessary expenses must be filed with the appellate clerk, with proof of service not later than 14 days after the time for filing a motion for reconsideration has expired or the motion for reconsideration has been decided. An untimely request for fees and costs or necessary expenses may be denied.

In our Order, we denied Plaintiff-Appellee's request for fees and costs for CAAP-12-0000625 because it was untimely.

2. Plaintiff-Appellee also moves this court to reconsider its denial without prejudice of attorney's fees and costs related to CAAP-13-0000127. This portion of Plaintiff-Appellee's motion is denied.

Hawaii Revised Statutes (HRS) § 92F-15(d) provides for assessing "expenses reasonably incurred in the litigation." The information submitted was not sufficient to determine reasonableness of the requested expenses. Plaintiff-Appellee's request and the supporting declaration of counsel relied on "Exhibit 2" for detailing the requested costs. However, Exhibit 2 appears to contain information as to costs which is inconsistent with counsel's declaration and the costs request. Thus, the photocopying and extra postage charges were properly denied without prejudice. See Tortorello v. Tortorello, 113 Hawai'i 432, 444-45, 153 P.3d 1117, 1129-30 (2007) (requiring "receipt or proof of the amount being charged" or "any documentation for this court to conclude that the requested amounts . . . were reasonably and necessarily incurred in the appeal . . . ."). The information referenced in the court's prior order as to costs would assist the court in determining reasonableness of the requested costs.

HRAP Rule 39(d)(1) states Requests for non-indigent attorney's fees and costs allowed by statute or contract shall be submitted in a form that substantially complies with Form 8. The purpose of Form 8 is to apprise the court of the type or general nature of the work performed. It provides categories of work that is most common on appeal, (1) Correspondence, Interviews, and Conference, (2) Obtaining & Reviewing Records, (3) Legal Research, (4) Drafting, and (5) Other. Plaintiff-Appellee's first request for attorney's fees failed to categorize its work into any of the categories. Thus, it was not in substantial

compliance with Form 8 and the information submitted was not sufficient for this court to determine that the requested fees were reasonable.

Therefore,

IT IS HEREBY ORDERED that Plaintiff-Appellee's alternative relief as to CAAP-12-0000625 is granted as stated in this order. All other requested relief is denied.

DATED: Honolulu, Hawai'i, January 24, 2014.


Presiding Judge


Associate Judge


Associate Judge